UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL SUTTON,<br><br>                Plaintiff,<br><br>    v.<br><br>JOELLA PHILLIPS,<br><br>                Defendant. | NO: 2:16-CV-0349-SMJ<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**1915(g)** |

By Order filed January 6, 2017, the Court advised Plaintiff, a prisoner at the Monroe Correctional Complex-Intensive Management Unit, of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 9. Plaintiff is proceeding *pro* se and *in forma* pauperis; Defendant has not been served.

By Order filed March 21, 2017, the Court denied Plaintiff's Motion for Reconsideration and granted him additional time to amend or voluntarily dismiss. ECF No. 12. Plaintiff did not comply with the Court's directives and has filed nothing further in this action.

ORDER DISMISSING COMPLAINT -- 1

Plaintiff had alleged the identified Defendant's failure to ascertan that his thumb was broken for three or four days, after which she provided care "in earnest." Liberally construing Plaintiff's allegations in the light most favorable to him, the Court cannot infer that Defendant Joella Phillips acted with deliberate indifference to Plaintiff's known serious medical need. At worst, Plaintiff has alleged the negligent failure to diagnose his injury.

A showing that a prison official has been negligent or medically negligent is insufficient to establish a constitutional deprivation under the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Although granted the opportunity to do so, Plaintiff did not amend his complaint to state a cognizable Eighth Amendment claim or file a motion to voluntarily dismiss. Therefore, **IT IS ORDERED** the complaint, ECF No. 8, is

**DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file. The District Court Executive is further directed to forward a

//

//

//

//

//

//

copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this 30th day of May 2017.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING COMPLAINT -- 4